**SULAIMAN LAW GROUP, LTD.**
Alejandro E. Figueroa (State Bar No. 332132)
2500 South Highland Avenue, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
Facsimile: (630) 575-8188
Email: alejandrof@sulaimanlaw.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES J. DEWALT,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MIDLAND CREDIT MANAGEMENT, INC.,<br><br>　　　　Defendant. | Case No. **'20CV2158 BEN JLB**<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET SEQ.**<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT

NOW comes CHARLES J. DEWALT ("Plaintiff"), by and through the undersigned attorney, complaining as to the conduct of MIDLAND CREDIT MANAGEMENT, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

1

2. This action arises under and is brought pursuant to the FDCPA  Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant's principal place of business is located in San Diego County, California, which is located within the Southern District of California.

**PARTIES**

4. Plaintiff is a consumer and a natural person over-the-age of 18.

5. Defendant is a collection company that claims to, "specialize in servicing accounts that have fallen behind and have been charged off by the lender."[1] Defendant is incorporated in the State of Kansas and maintains its principal place of business at 3111 Camino Del Rio North, Suite 1300, San Diego, California 92108.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, third-party contractors, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

7. The instant action arises out of the nature of Defendant's attempt to collect on a purported defaulted credit card bill ("subject debt") that Plaintiff allegedly owed to Citibank, N.A.

8. Plaintiff used his Citibank credit card to purchase varies personal and household goods.

9. In an attempt to collect the subject debt, Defendant sent a letter to Plaintiff dated August 5, 2020.

10. Defendant's August 5, 2020 letter was enclosed in an envelope that prominently displayed the words "**TIME SENSITIVE DOCUMENT**" on its exterior in bold font.

---

[1] https://www.midlandcredit.com/who-is-mcm/

11. Plaintiff immediately opened the envelope upon reading "**TIME SENSITIVE DOCUMENT**".

12. In the body of the collection letter, Defendant stated that the "current balance" due for the subject debt was $1,311.61.

13. The envelope's inclusion of the words "**TIME SENSITIVE DOCUMENT**" on its exterior created a false sense of urgency for Plaintiff who was unable to address even a portion of the subject consumer debt, in turn creating unnecessary distress in Plaintiff.

14. Frustrated and confused over Defendant's conduct, Plaintiff spoke with his attorneys regarding his rights, resulting in exhausting time and resources.

15. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to confusion, aggravation, and emotional distress.

16. Plaintiff has further been unnecessarily confused and concerned given Defendant's violations of law, and has further suffered a violation of his federally protected interests as a result of Defendant's conduct.

17. Plaintiff was further subjected to deceptive and misleading conduct by Defendant which materially impacted and shaped his reaction and course of conduct in response to Defendant's collection efforts.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

18. Plaintiff repeats and realleges paragraphs 1 through 17 as though full set forth herein.

19. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

20. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

21. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

22. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

### a. Violations of FDCPA §1692e

23. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

24. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. §1692e(10).

25. Defendant violated §§1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. Specifically, it was deceptive for Defendant to implicitly represent that it could include the words "**TIME SENSITIVE DOCUMENT**" printed on an envelope containing a collection letter. The FDCPA specifically prohibits debt collectors from including this type of language on its envelopes, thus Defendant acted deceptively by including it in clear violation of the FDCPA. Defendant's actions only served to worry and confuse Plaintiff.

### b. Violations of FDCPA § 1692f

26. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

27. In addition, this section enumerates specific violations, such as:

> "Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business." 15 U.S.C. §1692f(8).

4

28. Defendant violated §1692f and f(8) when it unfairly attempted to collect upon the subject consumer debt. Any reasonable fact finder will conclude that Defendant's inclusion of "**TIME SENSITIVE DOCUMENT**" on the front of the envelope violates 15 U.S.C. § 1692f(8). As alleged, Plaintiff instantly opened Defendant's mail because it said "**TIME SENSITIVE DOCUMENT**". Upon information and belief, Defendant has determined that it collects more from consumers by including "**TIME SENSITIVE DOCUMENT**" on envelopes. On information and belief, Defendant's research demonstrates that the least sophisticated consumer or the unsophisticated consumer is more likely to open letters sent in envelopes marked "**TIME SENSITIVE DOCUMENT**".

29. As pled above, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, CHARLES J. DEWALT, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiffs seeking payment of the subject debt; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: November 4, 2020                    Respectfully submitted,

|  |  |
|---|---|
| 1 | /s/Alejandro E. Figueroa |
| 2 | Alejandro E. Figueroa, Esq.<br>California Bar No. 332132 |
| 3 | *Counsel for Plaintiff*<br>Sulaiman Law Group, Ltd |
| 4 | 2500 S Highland Ave, Suite 200<br>Lombard, IL 60148 |
| 5 | Telephone: (630) 575-8181 Ext. 120<br>alejandrof@sulaimanlaw.com |

6